1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD POMARES
CHARLENE BOEH,

         Plaintiffs,

    v.

CITY OF CERES, et al.,

         Defendants.

CASE NO. 1:14-cv-01484-LJO-MJS (PC)

FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

(ECF Nos. 15 & 16)

FOURTEEN (14) DAY OBJECTION DEADLINE

I.    PROCEDURAL HISTORY

Plaintiffs are proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983.  No other parties have appeared in the action.

On May 21, 2015, Plaintiffs were ordered to submit, within thirty days, documents for service of the Complaint on Defendants.  (ECF No. 15.) The thirty-day deadline passed without Plaintiffs either submitting their service documents or seeking an extension of time to do so.  On October 16, 2015, the Court ordered Plaintiffs to show cause why the action should not be dismissed with prejudice for failure to obey a court order and failure to prosecute.  (ECF No. 16.)  Plaintiffs did not respond or file their service documents with the Court.

1

2

**II.    LEGAL STANDARD**

3       Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

4  these Rules or with any order of the Court may be grounds for imposition by the Court of

5  any and all sanctions . . . within the inherent power of the Court."  "District courts have

6  inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may

7  impose sanctions including, where appropriate, default or dismissal."  *Thompson v.*

8  *Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

9  prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure

10 to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)

11 (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-

12 63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

13 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

14 to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

15 *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to

16 comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir.

17 1986) (dismissal for lack of prosecution and failure to comply with local rules).

18       In determining whether to dismiss an action for lack of prosecution, failure to obey

19 a court order, or failure to comply with local rules, the Court must consider several

20 factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's

21 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

22 policy favoring disposition of cases on their merits and (5) the availability of less drastic

23 alternatives."  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423.

   **III.    ANALYSIS**

24       "The public's interest in expeditious resolution of litigation always favors

25 dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (*quoting Yourish v.*

26 *California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999)).  Plaintiffs have failed to comply

27 with the Court's Order to file their service documents.  (ECF No. 15.)  In such

28

circumstances, the Court cannot justify continuing to expend its scarce resources in this matter.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (*citing Yourish*, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643 (citation omitted), and it is Plaintiffs' failure to comply with Court orders that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiffs have not paid the filing fee for this action and are likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because "[p]ublic policy favors disposition of cases on the merits," this factor will always weigh against dismissal.  *Id.*

## IV.   CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, with prejudice, based on Plaintiffs' failure to obey a court order and failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to

file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 10, 2015       /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE